# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Allstate Vehicle and Property Insurance Company, | ) ) ) |
| Plaintiff, | ) Civil Action No.: 3:19-cv-00353-JMC ) ) |
| v. | ) **ORDER** ) |
| Brandon Smith, Jamie Smith, Walter Krantz, Katharine Krantz, | ) ) ) |
| Defendants. | ) ) ) |

Plaintiff Allstate Vehicle and Property Insurance Company ("Plaintiff") brought this declaratory judgment action to determine whether it has a duty to defend or indemnify Defendants Brandon and Jamie Smith (the "Smiths") in a state court case filed against them by Defendants Walter and Katharine Krantz (the "Krantzes") in the Court of Common Pleas for Richland County, South Carolina. (ECF No. 1.) This matter is before the court pursuant to Plaintiff's Motion for Summary Judgment (ECF No. 48). For the reasons set forth below, the court *sua sponte* **DISMISSES** Plaintiff's Complaint (ECF No. 1) **WITHOUT PREJUDICE** and **DENIES AS MOOT** its Motion for Summary Judgment (ECF No. 48).

## I.     RELEVANT BACKGROUND

In 2015, Plaintiff issued a homeowners' insurance policy to the Smiths for a house located on Mosswood Road in Columbia, South Carolina (the "Residence"). (ECF No. 48-7 at 5.) The policy was allegedly issued to the Smiths for the February 15, 2015 to February 15, 2016 and the February 15, 2016 to February 15, 2017 policy periods (the "Policy"). (*Id.*) On or about June 2,

1

2016, the Krantzes[1] executed a Contract of Sale (the "Contract") with the Smiths to purchase the Residence. (ECF No. 48-2 at 3.) The real estate closing subsequently took place on July 27, 2016. (ECF No. 48-6 at 3.) The Krantzes contend that the Smiths provided them with a copy of the State of South Carolina Residential Property Condition Disclosure ("Disclosure") before executing the Contract. (ECF No. 48-2 at 3.) The Krantzes moved into the Residence on July 27, 2016 and the Smiths allegedly terminated the Policy on July 28, 2016. (*Id.*; ECF No. 48-1 at 3.)

On September 22, 2017, the Krantzes filed an action against the Smiths in the Court of Common Pleas for Richland County, South Carolina, asserting causes of action for negligence, breach of express and implied warranties, breach of contract, fraud, and negligent misrepresentation. (ECF No. 48-2.) On February 6, 2019, Plaintiff filed this declaratory judgment action seeking a declaration that it has no duty to defend or indemnify the Smiths. (ECF No. 1.) The Krantzes then brought a second suit against the Smiths in Richland County on July 9, 2019, adding causes of action for negligence *per se* and breach of contract accompanied by fraudulent act. (ECF No. 48-3.) On July 22, 2019, the Court of Common Pleas for Richland County consolidated the actions into Civil Action No. 2017-CP-40-05720 ("Underlying Action"). (ECF No. 48-5.) The lawsuit is still pending. (ECF No. 48-1 at 1.)

On December 4, 2020, Plaintiff filed the instant Motion for Summary Judgment. (ECF No. 48.) The Smiths filed a Response (ECF No. 56) on January 4, 2021 and the Krantzes filed a Response (ECF No. 57) on January 5, 2021. Plaintiff submitted a Reply (ECF No. 61) on January 21, 2021.

---

[1] Katharine Krantz and Patricia Graham were originally listed as the purchasers on the Contract, but on July 21, 2016, an addendum added Walter Krantz as a purchaser of the Residence and removed Patricia Graham from the Contract. (ECF No. 48-2 at 3.)

## II. LEGAL STANDARD

A. <u>Declaratory Judgment Jurisdiction</u>

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Standing and ripeness are jurisdictional issues that courts must consider on their own initiative. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990); *National Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003). Standing requires a plaintiff to allege a concrete injury that is "actual or imminent, not 'conjectural' or 'hypothetical[.]'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1990) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Ripeness determines when a case or controversy is fit for federal judicial review. *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967).

Even when standing and subject matter jurisdiction exist, a court has discretion to decide whether to exercise jurisdiction in declaratory judgment actions.

> Under the Declaratory Judgment Act, a district court, in "a case of actual controversy within its jurisdiction . . . *may declare* the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). This Act gives federal courts discretion to decide whether to declare the rights of litigants . . . Rather than grant litigants a right to judgment in their case, it merely permits the courts to hear those cases.

*Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995)). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. When an ongoing proceeding in state court overlaps with a federal declaratory judgment action, courts must particularly consider whether "federalism, efficiency, and comity" counsel against exercising jurisdiction. *Trustgard*, 942 F.3d at 202. In determining whether exercise of jurisdiction is appropriate, courts look to (1) the state's interest in having its own courts decide the issue; (2) the

3

state courts' ability to resolve the issues more efficiently than the federal courts; (3) the potential for unnecessary entanglement between the state and federal courts based on overlapping issues of fact or law; and (4) whether the federal action is mere forum-shopping. *Id.*

    B. <u>Summary Judgment</u>

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 434 (4th Cir. 2011). When ruling on a summary judgment motion, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). The non-moving party may not oppose a summary judgment motion with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. FED. R. CIV. P. 56(c) (1); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 256. All that is required to survive summary judgment is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

### III.    ANALYSIS

The court declines to reach the merits of Plaintiff's arguments and concludes that it must *sua sponte* dismiss the entire action based on the United States Court of Appeals for the Fourth Circuit's decision in *Trustgard*. In *Trustgard*, an insurer sought a declaratory judgment delineating

4

its duty to indemnify its insured and the district court issued a declaratory judgment in favor of the insurer. 942 F.3d at 197. The Fourth Circuit vacated the district court's declaratory judgment, finding that the district court abused its discretion when it assumed jurisdiction under the Declaratory Judgment Act. *Id.* It concluded that considerations of comity and judicial efficiency weighed strongly in favor of permitting the state court to address the relationship among the various parties. *Id.* at 204. It emphasized that the court's declaratory judgment precluded a state court from considering certain issues, required a federal court to extensively analyze state law, and resulted in duplicative discovery. *Id.* at 202–04.

The Fourth Circuit also questioned the existence of Article III jurisdiction. *Id.* at 204. First, it expressed doubt that the insurer plaintiff had standing. *Id.* at 200. The Fourth Circuit characterized the insurer's alleged injury as potentially "guarantee[ing] a future judgment" against the insured and described it as "hypothetical and contingent" because the injury may or may not occur depending on the outcome of the state lawsuit. *Id.* Second, it considered the suit unripe for adjudication. *Id.* Since the state court had not determined the insured defendant's liability, a federal suit adjudicating the insurer plaintiff's duty to indemnify would be advisory. *Id.* As a result, the Fourth Circuit advised that "courts should exercise their discretionary jurisdiction with caution when doing so would raise serious questions about Article III jurisdiction[.]" *Id.* at 202.

As in *Trustgard*, considerations of comity and judicial efficiency counsel against exercising jurisdiction in this case. Here, the state proceedings are ongoing, and Defendants' liability has not been determined. Plaintiff asks the court to declare that the Policy does not provide coverage for the claims asserted in the Underlying Action and that Plaintiff has no duty to defend or indemnify the Smiths. (ECF No. 48 at 1.) To interpret the Policy terms and determine their application to the underlying facts, the court would be required to resolve factual issues disputed

5

by the parties in this case and the Underlying Action and could preclude the parties from fully litigating these issues in state court. Like the declaratory judgment at issue in *Trustgard*, a declaratory judgment in this case could also result in undesirable preclusion, extensive federal interpretation of state law, and duplicative litigation.

Further, it is uncertain whether this court would have Article III jurisdiction if it decided to exercise jurisdiction pursuant to the Declaratory Judgment Act. Plaintiff may not have alleged a sufficiently concrete injury to have standing to bring its indemnity claim. *See Lujan*, 504 U.S. at 560. In regard to this claim, Plaintiff alleges the same injury as the insurer plaintiff in *Trustgard* – that it may need to indemnify insureds in the future. Therefore, Plaintiff's injury may be too "hypothetical and contingent in nature" to establish standing. *Trustgard*, 942 F.3d at 200. Moreover, Plaintiff's indemnity claim may be unripe for adjudication. Under *Trustgard*, judgment on the duty to indemnify prior to the resolution of an insured's liability is premature and potentially advisory. *Id.* at 199–200.

Since a declaratory judgment would interfere with ongoing state proceedings and create a substantial question about the existence of Article III jurisdiction, the court declines to exercise its discretion under the Declaratory Judgment Act to hear this case.

### IV.     CONCLUSION

For the foregoing reasons, the court *sua sponte* **DISMISSES** Plaintiff's Complaint (ECF No. 1) **WITHOUT PREJUDICE** and **DENIES AS MOOT** its Motion for Summary Judgment (ECF No. 48).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 15, 2021
Columbia, South Carolina